DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendants
UBER TECHNOLOGIES INC., TRAVIS KALANICK, GARRETT CAMP, BILL TRENCHARD, SCOTT BELSKY, BILL GURLEY, BENCHMARK CAPITAL, BENCHMARK, FOUNDER COLLECTIVE, FIRST ROUND CAPITAL, RAISER L.L.C., RAISER CA L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN HALPERN & CELLURIDE WIRELESS INC.<br><br>                    Plaintiffs,<br><br>     v.<br><br>UBER TECHNOLOGIES INC., TRAVIS KALANICK, GARRETT CAMP, BILL TRENCHARD, SCOTT BELSKY, BILL GURLEY, BENCHMARK CAPITAL, BENCHMARK, FOUNDER COLLECTIVE, FIRST ROUND CAPITAL, RAISER L.L.C., RAISER CA L.L.C. and DOES 1-250<br><br>                    Defendants. | Case No. 3:15-cv-2401<br><br>**NOTICE OF REMOVAL** |

Defendants Uber Technologies Inc., Travis Kalanick, Garrett Camp, Bill Trenchard, Scott Belsky, Bill Gurley, Benchmark Capital, Benchmark, Founder Collective, First Round Capital, Raiser L.L.C., Raiser CA L.L.C. (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1338, 1441 and 1446, remove this case from the Superior Court of the State of California, San Francisco County, to the United States District Court for the Northern District of California, San Francisco Division, on the following grounds:

## BACKGROUND AND PROCEDURAL MATTERS

1. On May 14, 2015, Plaintiffs Kevin Halpern and Celluride Wireless Inc. filed suit against Defendants in the Superior Court of the State of California, San Francisco County. Plaintiffs' Verified Complaint and Jury Demand ("Complaint") in *Kevin Halpern, et al., v. Uber Techs. Inc., et al.*, Case No. CGC-15-545825 is attached as Exhibit 1.

2. Plaintiff Halpern alleges he came up with the concept of a cellular phone-based on-demand ride sharing service, and that he created Plaintiff Celluride to develop this technology. (*See* Complaint, ¶¶ 1, 32-43 (Exh. 1).) Plaintiff Halpern alleges he created various documents, sketches, designs, brochures, images, presentations and business plans—all tangible items—in the process of developing and promoting Celluride. (*See id.*, ¶¶ 53-55, 63, 78-80, 91, 98, 105, 117, 131, 149 & Exhs. C-K.) These allegedly copyrighted materials have been incorporated into Plaintiffs' Complaint and are attached as exhibits, some of which utilize the copyright symbol. (*See id.*, Exh. G ("Celluride Service Platform," "Celluride Product Requirements Document".) Plaintiff Halpern further alleges that he transferred his intellectual property rights, including his copyrights in these materials, to Celluride. (*See id.*, ¶ 4.)

3. Plaintiffs allege that Defendants violated Plaintiffs' intellectual property rights, and in particular Celluride's copyrights. (*See id.*, ¶¶ 24-25, 107-108, 116-117, 131 & 151.) Plaintiffs seek damages in excess of $1 billion for these alleged violations (*see id.*, ¶¶ 138, 155 & 162), as well as declaratory relief. (*See id.*, ¶¶ 164-165.)

4. Plaintiffs served all Defendants with the Complaint on May 20, 2015. The summons and other documents accompanying service of the Complaint are attached as Exhibit 2. Accordingly, this Notice of Removal is timely filed within the thirty-day period proscribed by 28 U.S.C. § 1446(b).

5.      Defendants have not yet responded to the Complaint. Exhibits 1 through 4 to this Notice represent all items served by any party in the suit to date.

## JURISDICTION

6.      This Court has original and exclusive jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1441(a). Plaintiffs' claims arise in significant part from the alleged infringement of Plaintiffs' copyrighted materials by incorporating them into the Uber software application and the alleged registration, by Defendants, of "copyrights in [Plaintiff Halpern's] works including the look and feel of the user experience" of Uber. (*See* Complaint, ¶¶ 24-25, 107-108, 116-117, 131, 149 & 151.) Indeed, the allegedly misappropriated intellectual property is indistinguishable from the purported copyrighted materials. Further, Plaintiffs seek declaratory relief as to their rights and interest in Defendant Uber's mobile phone application based largely on the Defendants' alleged infringement of the copyrighted material. (*See id.*, ¶¶ 164-165.)

7.      Determining whether Plaintiffs' copyrighted materials were infringed by the Uber application requires examination and interpretation of the original works allegedly developed by Plaintiffs to determine the extent and scope of copyrightable material. It also requires an analysis of the Uber application to determine if it incorporates and infringes any of Plaintiffs' original copyrighted work. This same analysis is also required to determine the parties' respective ownership rights in the Uber application as part of Plaintiffs' declaratory relief claim. Because these issues cannot be resolved without application and construction of the Copyright Act, this Court has exclusive jurisdiction over this lawsuit. *See Justmed, Inc. v. Byce*, 600 F.3d 1118, 1123-24 (9th Cir. 2010) (setting out test to determine whether a claim arises under the Copyright Act and holding case properly removed where claims required construction of the Copyright Act); *Vestron, Inc. v. Home Box Office, Inc.,* 839 F.2d 1380 (9th Cir. 1988) (reversing dismissal of action for lack of subject matter jurisdiction because although plaintiff alleged ownership of copyright, it also alleged infringement, and therefore, subject matter jurisdiction was proper); *XCEL Data Sys., Inc. v. Best*, No. 1:08–CV–00613–OWW–GSA, 2009 WL 902412, at *5-7 (E.D. Cal. Mar. 31, 2009) ("In declaring each party's respective ownership rights, it is necessary to examine and interpret both the original and derivative . . . programs and decide the scope of each copyright. . . . This question turns upon an application of the Copyright Act").

8. To the extent any portion of Plaintiffs' claims do not turn on the application of the Copyright Act, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because those portions are "so related" to the Copyright claims "that they form the same case or controversy under Article III of the United States Constitution." Because all of Plaintiffs' claims arise from a "common nucleus of operative fact," supplemental jurisdiction extends to those claims that do not enjoy original jurisdiction in this Court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227 (9th Cir.1976).

## INTRADISTRICT ASSIGNMENT

9. While this matter is an Intellectual Property Action and therefore may be assigned to any division, it has been removed from the Superior Court of San Francisco County and a substantial part of the events which give rise to the Plaintiffs' claims are alleged to have occurred in the City and County of San Francisco where Defendant Uber has its principal place of business.

10. All Defendants in this matter consent to removal.

11. Defendants will promptly provide Plaintiffs with written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d), attaching this Notice and all its attachments. Defendants will also file that notice to Plaintiffs with all its attachments and a proof of service with the San Francisco Superior Court.

Dated: May 29, 2015                                              DURIE TANGRI LLP

By: _____*/s/ Ragesh K. Tangri*_____
RAGESH K. TANGRI

Attorneys for Defendants
UBER TECHNOLOGIES INC., TRAVIS KALANICK, GARRETT CAMP, BILL TRENCHARD, SCOTT BELSKY, BILL GURLEY, BENCHMARK CAPITAL, BENCHMARK, FOUNDER COLLECTIVE, FIRST ROUND CAPITAL, RAISER L.L.C., RAISER CA L.L.C.