Christopher B. Dolan (SBN 165358)
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone:    (415) 421-2800
Facsimile:    (415) 421-2830

Attorneys for Plaintiff
Kevin Halpern and
Celluride Wireless, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HALPERN; CELLURIDE WIRELESS INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br><br>UBER TECHNOLOGIES INC., TRAVIS KALANICK, GARRETT CAMP, BILL TRENCHARD, SCOTT BELSKY, BILL GURLEY, BENCHMARK CAPITAL, BENCHMARK, FOUNDER COLLECTIVE, FIRST ROUND CAPITAL, RAISER L.L.C., RAISER CA L.L.C. and DOES 1-250,<br><br>                    Defendants. | CASE NO.:  4:15-CV-02401-JSW<br><br>Judge:  Hon. Jeffrey S. White<br>Courtroom:  5<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[ [Proposed] Order Filed Concurrently]**<br><br><u>Hearing</u><br>Date: August 14, 2015<br>Time: 9:00 a.m.<br>Courtroom: 5 |

    PLEASE TAKE NOTICE that on August 14, 2015 at 9:00 a.m. in Courtroom 5 before

the Honorable Jeffrey S. White, Plaintiffs Kevin Halpern and Celluride Wireless Inc. will move

---

the Court at the Oakland Division, 1301 Clay Street, 2nd Floor, Oakland, CA 94612, for an order

pursuant to 28 U.S.C. 1447(c) remanding the above-entitled cause from the United States District

Court for the Northern District of California to the Superior Court of the State of California,

County of San Francisco ("San Francisco Superior Court"), from which it was removed on or

about May 29, 2015, pursuant to the Notice of Removal filed by Defendants Uber Technologies

Inc., Travis Kalanick, Garrett Camp, Bill Trenchard, Scott Belsky, Bill Gurley, Benchmark

Capital, Benchmark Founder Collective, First Round Capital, Raiser L.L.C., Raiser CA L.L.C.

(collectively, "Defendants").

      This Motion to Remand ("Motion") is based on the grounds that there is no copyright

preemption or federal jurisdiction pertaining to the purely state law claims in the Complaint at

issue, which was filed with the San Francisco Superior Court.

      This Motion is further based on the Memorandum of Points and Authorities, and upon

all other papers hereto filed and served with regard to this action.


Dated:  June 29, 2015            THE DOLAN LAW FIRM



                  By: /s/ Christopher B. Dolan
                    Christopher B. Dolan
                    Attorneys for Plaintiffs Kevin Halpern and
                    Celluride Wireless Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case should be remanded because it is a straightforward state law misappropriation of trade secrets and breach of contract case. Plaintiffs allege that Defendants, in violation of California trade secrets law and the parties' agreement, have stolen Plaintiffs' trade secrets, which Plaintiffs took years to develop, to create Defendants' extremely successful Uber business. The Complaint does not assert any violation of federal law, and certainly does not allege any copyright infringement as Defendants incorrectly claimed. Given the well-pleaded complaint rule, which recognizes that the plaintiff is the master to decide which law he will rely upon for his claims, this Court should respect Plaintiffs' decision to rely strictly on state law claims to obtain redress. This is particularly true given the strong presumption against removal, and the case law finding no copyright preemption for the state law claims asserted here. This case belongs in state court.

## STATEMENT OF FACTS

Plaintiff Kevin Halpern is the pioneer and entrepreneur who, in 2002, invented the concept and technology of what has now become commonly referred to as the Transportation Network Company ("TNC"). TNC allows consumers to use their mobile phone to instantly locate and book available transportation. *Complaint*, ¶1. Mr. Halpern created Plaintiff Celluride Wireless Inc. (collectively, "Plaintiffs") to develop and commercialize this TNC technology over the following years. *Id*.

Plaintiffs also allege that they created various documents, sketches, designs, brochures, images, and business plans in the process of developing and promoting Celluride. *Complaint*, ¶¶53-55, 63, 78-80, 105, 117, 131, 149. Plaintiffs further allege that he then shared these confidential materials and other confidential information (collectively, "Confidential Materials")

---

with certain individual defendants solely for the purpose of developing Celluride after telling these defendants that this project was in "stealth mode" and receiving assurances and agreement from these defendants that, *inter alia*, they would keep the Confidential Materials secret. *Complaint*, ¶¶74, 78, 79, 80, 90, 91, 92, 93, 97, 100,102.  Plaintiffs also allege that these individual defendants then conspired among themselves and others (collectively, "Defendants") to misappropriate the Confidential Materials to create what is now known as Uber, a business presently valued at over $40 billion. *Complaint*, ¶¶100, 107, 108, 124, 128.

Plaintiffs assert a claim for Misappropriation of Trade Secrets under the *California Uniform Trade Secret Act* (*Cal. Civil Code*, §§3246.1 *et seq*.) ("*CUTSA*"), and the other state law claims for Conversion, Breach of Contract, and Declaratory Relief. *Complaint*, ¶¶130-165.

On May 29, 2015, Defendants filed the Notice of Removal at issue ("Removal Notice"). This Motion follows.

## **ARGUMENT**

"The Ninth Circuit has expressed a strong presumption against removal." *No Doubt v. Activision Publishing, Inc.*, 702 F.Supp.2d 1139, 1141 (C.D.Cal. 2010) *citing Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 2002).  "A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is upon the party seeking removal…and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir. 1988).

The existence of a federal question must be determined by "the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation or avoidance of defenses*." Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983).  Courts shall remand the case "if there is any doubt as to the right of removal."  *Gaus*, 980 F.2d 564 at 544.

## I.    <u>DEFENDANTS MISCHARACTERIZE THE COMPLAINT</u>

Defendants argue that this is a copyright infringement case that belongs in federal court because "Plaintiffs' claims arise in significant part from the alleged infringement of Plaintiffs' copyrighted materials …" *Removal Notice*, ¶2.   This is a mischaracterization of Plaintiffs' Complaint.  *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 344 (9th Cir. 1996) (defendants cannot "rewrite a plaintiff's properly pleaded claim in order to remove it to federal court").  The Complaint does not assert any violation of any federal law, and certainly contains no allegation of any copyright infringement.

"'The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.' […] The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. '[H]e or she may avoid federal jurisdiction by exclusive reliance on state law.'"  *Stalcup v. Liu*, 2011 WL 1753493 at *4 (N.D.Cal. April 22, 2011) (White, J.) (citations omitted).  *See also Sullivan v. First Affiliated Sec.,* 813 F.2d 1368, 1371-72 (9th Cir. 1987) ("The plaintiff is master to decide what law he will rely upon and, if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal").  Plaintiffs—as masters of their claims—have elected to assert straightforward misappropriation of trade secret claim under the *CUTSA* and other state law claims (breach of contract, conversion, and declaratory relief).  *Complaint*, ¶¶130-165. Plaintiffs are entitled to make this election and pursue his state law claims in state court.

Defendants cite to a few references to the word "copyrights" in the 44-page Complaint to argue that this is a copyright infringement case.  *Removal Notice*, ¶6.  However, Plaintiffs do not use this word to assert that Defendants have *infringed* Plaintiffs' copyrights.  Rather, Plaintiffs assert that Defendants have *misappropriated* or *converted* Plaintiffs' trade secrets that may include copyrighted materials. *See Complaint*, ¶108 (Defendants "conspired to misappropriate, acquire and/or convert HALPERN and CELLURIDE's property rights, technology, and copyrights to themselves and to create and finance their own companies now known as UBER…").  Regardless, the possible presence of a copyrighted work in a claim is not some

talisman that magically transforms a state law claim into a federal one. *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc*., 336 F.3d 982, 985 (9th Cir. 2003) ("it is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists").

Under the well-pleaded complaint rule, courts give significant deference to a plaintiff's choice to pursue claims under state law.  This deference is further illustrated by the fact that no federal jurisdiction would be found even if the state-court complaint makes passing references to federal law.  *See Cason v. California Check Cashing Stores*, 2014 WL 1351042 at *2 (N.D.Cal. April 04, 2014) ("Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint […] 'Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction'" [citations]); *Rabinowitz v. Benson*, 1992 WL 309808 at *1 (S.D.N.Y. October 9, 1992) (removal improper where "complaint made only a vague reference to federal law, without specifically alleging a cause of action" under federal law).

Despite Defendants' attempt to distort the Complaint, it is clear that the Complaint does not assert any copyright infringement claim. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced").  Even if there is any doubt in this regard, such doubt should be resolved in favor of remand.  *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C*., 992 F.2d 932, 937 (9th Cir.1993) (in preemption analysis district court erred when it failed to read the complaint in the light most favorable to plaintiff).

## II.    THERE IS NO COPYRIGHT PREEMPTION FOR ANY OF THE STATE LAW CLAIMS ASSERTED IN THE COMPLAINT

### A.    There Is No Copyright Preemption For The Misappropriation of Trade Secrets Claim

A state law claim is completely preempted by the Copyright Act if, *inter alia*, the rights granted under state law are "equivalent" to those protected by the Act.  *Madera Properties v. Rhodes & Gardner, Inc*., 820 F.2d 973, 976 (9th Cir. 1987).  This "involves determining whether the state law claim contains an element not shared by the federal law." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys*., 7 F.3d 1434, 1440 (9th Cir. 1993).  "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law is not preempted by the Copyright Act." *Altera Corp. v. Clear Logic*, 424 F.3d 1079, 1089 (9th Cir. 2005).

Courts have uniformly held that a state law trade secret claim is not preempted because it contains an "extra element" not present in a copyright claim:  the "secrecy" element.  In *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130-31 (N.D. Cal. 2001), the Court quoted leading authorities and held as follows:

> "Actions for disclosure and exploitation of trade secrets require a status of secrecy, not required for copyright, and hence, are not pre-empted. This conclusion follows whether or not the material subject to the trade secret is itself copyrightable." 1 *Nimmer on Copyright* § 1.01[B][1][h], at 1–39 to 1–40. If state law does not require secrecy, however, "the element distinguishing the state right from copyright would appear to evaporate, causing the state right thereby to be pre-empted." *Id*. at 1–40. Under California law, information must derive its economic value "from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use" and must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy" to qualify for trade secret protection. Cal. Civ.Code § 3426.1(d).

Thus, the plaintiff's misappropriation of trade secrets claim contains an extra element— that WebStash qualifies as a trade secret under section 3426.1—that makes the claim qualitatively different from a copyright infringement action.

*See also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1090 n. 13 (9th Cir.1989) ("Since the California statute pleaded in this case [*CUTSA*] does not involve a legal or equitable right equivalent to an exclusive right of a copyright owner under the Copyright Act, but only prohibits certain means of obtaining confidential information, its application here would not conflict with federal copyright law.").   Plaintiffs' misappropriation of trade secrets claim is not preempted by the Copyright Act.

**B.**   **There Is No Copyright Preemption For the Conversion Claim.  Even If The Claim Is Preempted, Remand Is Still Appropriate Because Plaintiffs Are Willing To Stipulate To the Dismissal Of This Claim**

 "[I]f there is an 'extra element' that is required in place of or in addition to the acts of *reproduction*, *performance*, *distribution*, or *display* in order to constitute a state-law cause of action, and the 'extra element' required by state law changes the nature of the action so that it is qualitatively different from a copyright infringement claim, the state-law claim is not preempted." *Firoozye*, 153 F. Supp. 2d at 1125 (emphasis added).   Here, the conversion claim is not based upon any of these acts, but rather is based upon the fact that Defendants "[were] *taking possession* of, *transferred*, and/or *appropriated*" Plaintiffs' property. *Complaint*, ¶151. Therefore, Plaintiffs' conversion claim is not preempted by the Copyright Act.

Alternatively, if this Court were inclined to find that it has original jurisdiction over the conversion claim, Plaintiffs hereby stipulate to dismiss this claim.  As a result, this Court should remand the remaining state law claims.  In *Firoozye*, 153 F. Supp. 2d at 1132, this District ordered the case remanded after "the plaintiff's counsel represented that the plaintiff will not seek to amend his complaint to convert his preempted state-law claims into federal copyright claims. As a result, his complaint as of the date of this [remand] Order only includes state-law causes of action, and no federal issue is present on the face of the plaintiff's well-pleaded complaint." *See also Hernandez v. Yuba Cmty. Coll. Dist.*, 2006 WL 2655326 at *2 (E.D. Cal. Sept. 15, 2006) ("Under 28 U.S.C. § 1367(c), remand of the remaining state law claims is appropriate given that

the 'court has dismissed all claims over which it has original jurisdiction'"); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir.) supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims'").

## C.   There Is No Copyright Preemption For the Breach Of Contract Claim

It is firmly established in the Ninth Circuit that contractual claims are not preempted by the Copyright Act:  "The Ninth Circuit, as have most courts, has held that the Copyright Act does not preempt the enforcement of contractual rights."  *Nw. Home Designing Inc. v. Sound Built Homes Inc.*, 776 F. Supp. 2d 1210, 1215 (W.D. Wash. 2011).  This is so because a breach of contract claim has the "extra element" not found in a copyright infringement claim: the existence of an *agreement* between the parties.  *See Craigslist, Inc. v. Autoposterpro, Inc.*, 2009 WL 890896 at *2 (N.D. Cal. Mar. 31, 2009) (claim for "breach of contract … requires the existence of a contract between the parties…which provide[s] qualitatively different elements from copyright); *Nw. Home Designing Inc.*, 776 F.Supp. at 1215 ("A claim for breach of contract has the 'extra element' of an alleged exchange of promises/representations between the parties. The claim depends on more than the mere act of copying or distribution regulated by the federal Copyright Act, and is on that basis not preempted by Section 301(a)") *citing Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1192 (C.D.Cal.2001).

Plaintiffs' breach of contract claim is not preempted by the Copyright Act.

## D.   There Is No Copyright Preemption For the Declaratory Relief Claim

Plaintiff's declaratory relief claim is ancillary to and dependent on the other claims.   As shown, the other claims are not subject to copyright preemption.  It follows that there is no copyright preemption for Plaintiffs' declaratory relief claim as well.  Moreover, Plaintiff is not

seeking determination of any exclusive rights under Copyright Act (involving the "*reproduction*, *performance*, *distribution*, or *display*" of Plaintiffs' stolen property).  *Firoozye*, 153 F. Supp. 2d at 1125.

## CONCLUSION

Defendants have failed to sustain their burden of establishing federal jurisdiction over the state law claims at issue.  They have also failed to rebut the strong presumption against removal. The reason is simple: this is not a copyright infringement case.  This Court should grant Plaintiffs' Motion for Remand.

Dated:  June 29, 2015                          THE DOLAN LAW FIRM


                                               By  /s/ Christopher B. Dolan
                                                   Christopher B. Dolan
                                                   Attorneys for Plaintiffs Kevin Halpern and
                                                   Celluride Wireless Inc.