UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HALPERN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-02401-JSW<br><br>**ORDER ON MOTION TO REMAND**<br>Re: Dkt. No. 21 |

Now before the Court for consideration is the Motion to Remand, filed by Plaintiffs Kevin Halpern ("Halpern") and Celluride Wireless ("Celluride") (collectively "Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it has had the benefit of oral argument/finds the motion suitable for disposition without oral argument, and it VACATES the hearing scheduled for August 14, 2015. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, the Court HEREBY DISMISSES Plaintiffs' claim for conversion, and it REMANDS the remaining claims to the Superior Court for the City and County of San Francisco ("San Francisco Superior Court").[1]

**BACKGROUND**

Halpern alleges that he is "the inventor of the P2P transportation industry now known commonly as the ridesharing industry or TNC and, more specifically," technology now embodied in the "TNC app UBER." (Compl. ¶ 148; *see also id.* ¶¶ 1-2, 32-42.) Halpern has "transferred his

---

[1] Defendants filed motions to dismiss, which are scheduled for hearing on September 18, 2015. In light of the Court's ruling on this motion, it denies those motions as moot and without prejudice to Defendants renewing the arguments set forth therein in state court.

1 rights to the intellectual property, copyrights and technology he developed" to Celluride.  (*Id.* ¶ 4.)
2 According to Halpern, as he began to develop the idea of a ride-sharing service, he prepared, *inter*
3 *alia*, a business plan, an end-to-end flow process, interface sketches, and other designs.  (*Id.* ¶¶ 53-
4 55,, 63, 78-80, 105, 117, 131, 149, and Exs. C-D.)  Plaintiffs allege that they shared those
5 documents and other information, in confidence, with the Defendants.  (*See, e.g., id.* ¶¶ 78-80, 90-
6 93, 97-98, 107-108.)  Plaintiffs further allege that they "owned possessed and/or were entitled to
7 immediate possession at the time of conversion, certain property assets, and profits associated with
8 Celluride," which Defendants converted and "represented the property to be theirs without credit
9 or compensation given to Plaintiffs."  (*Id.* ¶¶ 150, 152.)

Based on these and other allegations, which the Court shall address as necessary, Plaintiffs filed this action in the San Francisco Superior Court and asserted state law claims for misappropriation of trade secrets, conversion, breach of contract, and declaratory relief.

On May 29, 2015, Defendants filed a Notice of Removal, in which they asserted the Court has subject matter jurisdiction on the basis that Plaintiffs' allegations present a federal question.  *See* 28 U.S.C. sections 1331, 1338(a), and 1441(a)

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.   Applicable Legal Standards.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The burden of establishing federal jurisdiction for purposes of removal is on the party

2

seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc.*, 482 U.S. at 392. The well-pleaded complaint rule recognizes and empowers the plaintiff as the master of his or her claim. *Id.* "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

"It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in original). While a defense of preemption, also known as "ordinary preemption," is insufficient to demonstrate removal jurisdiction, "complete preemption," which is a corollary to the well-pleaded complaint rule, would be a sufficient basis for removal. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Rains*, 80 F.3d at 344.

**B.      Plaintiffs' Conversion Claim Is Preempted.**

In their Notice of Removal, Defendants suggested that each of Plaintiffs' claims would be preempted by or would require construction of the Copyright Act. However, it is clear from their opposition that the sole claim at issue is Plaintiffs' claim for conversion. (*Compare* Notice of Removal ¶¶ 6-7 *with* Opp. Br. at 4:7-9.) The federal copyright preemption of overlapping state

3

law claims is "explicit and broad." *G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 904 (9th Cir. 1992); *accord Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001) ("[T]his Court concludes that the Copyright Act completely preempts state-law claims *within the scope* of Section 301.") (emphasis added); *see also* 17 U.S.C. § 301 ("All legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... are governed exclusively by this title. Thereafter, no person is entitled to such right or equivalent right in any such work under the common law or statutes of any State.").

Section 301 establishes a two-part test for preemption. First, the claims must come within the subject matter of copyright. *See Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 976 (9th Cir. 1987), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *Firoozye*, 153 F. Supp. 2d at 1123-24. To satisfy this test, the material in question "does not necessarily have to be actually protected by a specific copyright or event itself be copyrightable; it just has to be 'within the subject matter' of the Act." *Firoozye*, 153 F. Supp. 2d at 1124. Plaintiffs do not dispute that the materials in question would fall within the subject matter of copyright, and some of the materials attached to the Complaint bear a copyright notice. Accordingly, the Court finds that the first prong of the test is satisfied.

Second, the rights granted under state law must be equivalent to any of the exclusive rights within the general scope of copyright as set forth in the Act. *DelMadera Props.*, 820 F.2d at 967; *Firoozye*, 153 F. Supp. 2d at 1123-24. Thus, to survive preemption, the state causes of action must protect rights which are qualitatively different from the copyright laws. That is, the state law claim must have an "extra element," which changes the nature of the action. *Del Madera Props.*, 820 F.2d at 976; *Firoozye*, 153 F. Supp. 2d at 1125.

Under California law, "[t]he elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). Courts have posited that where a claim for conversion "involves tangible, rather than intangible property," the claim would be "immune from preemption." *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822 (C.D. Cal. 1997); *see also Weller Construction, Inc. v.*

4

1    *Memorial Healthcare Services,* 2014 WL 5089422, at *3 (C.D. Cal. Oct. 8, 2014); *Firoozye,* 153
2    F. Supp. 2d at 1130.

3          In *Firoozye*, the court concluded that the plaintiff's claim for conversion was preempted,
4    because the plaintiff did not seek the return of tangible property. 153 F. Supp. 2d at 1130. The
5    court reasoned that "while a claim for conversion typically involves tangible property and thus
6    may be immune from preemption, where a plaintiff is only seeking damages from a defendant's
7    reproduction of a work – and not the actual return of a physical piece of property – the claim is
8    preempted." *Id.*; *accord Weller*, 2014 WL 5089422, at *3 (finding conversion claim preempted
9    where plaintiff did not seek return of design plans and instead sought damages from defendants
10   use of plans).

11         Similarly, in *Worth*, the plaintiffs alleged that defendants converted "photographs,
12   drawings, tunnel designs, copies of scripts, special effects specifications, … story boards, budget
13   breakdown, and a history of the Holland Tunnel," and used them in a movie. 5 F. Supp. 2d at 822.
14   The court found that although plaintiffs' claims involved tangible objects, they did not seek to
15   retrieve those items. Rather, plaintiffs brought the claim to recover "profits from the movie's
16   reproduction and distribution." *Id.* at 822-23.

17         In *Idema v. Dreamworks, Inc.*, the court also found the plaintiffs' claim for conversion was
18   preempted under the Copyright Act. 162 F. Supp. 2d 1129, 1192-93 (C.D. Cal. 2001). In that
19   case, the "documents allegedly converted were … 'secret' Soviet/Russian documents." *Idema*,
20   162 F. Supp. 2d at 1192. The court found that the plaintiffs alleged that the "*information*
21   contained*"* in the documents was their property, not the documents themselves, and rather than
22   asking for the documents to be returned, sought "damages based on [the documents'] *value*." *Id.*
23   at 1193 (emphasis in original). The court concluded that the plaintiffs' conversion claim was
24   preempted, because it "lack[ed] the extra element of wrongful interference with tangible property
25   which normally sets a conversion claim apart from copyright. … In other words, it is the
26   'intangible' value of the *contents* of the documents and the unauthorized 'use' of those documents
27   . . . upon which the claimed damages are based." *Id.* (emphasis in original, citations omitted); *see*
28   *also Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996) (finding claim preempted where

plaintiff allegedly gave copy of script to defendants and alleged defendants "wrongfully used and distributed Plaintiffs' work of authorship").

In contrast, in *Opperman v. Path, Inc.*, the court concluded that the plaintiffs' claim for conversion was not preempted by the Copyright Act. __ F. Supp. 3d __, 2015 WL 1306494, at *17-18 (N.D. Cal. Mar. 23, 2015). There, the plaintiffs alleged that "app" developers converted the address books contained on their iPhones. *Id.* The court concluded that the claim for conversion was not preempted by the Copyright Act, because plaintiffs' allegations "involve more than the mere reproduction of [the] unauthorized address book data; they include the unauthorized access, transmission, misuse, and misappropriation of that data." *Id.*, 2015 WL 1306494 at *18. The court noted that although "the particular meanings of 'misuse' and 'misappropriate,' as alleged in Plaintiffs' complaint could be more clear (and could include copying as part of the alleged misconduct), those terms convey meanings beyond mere 'reproduction.'" *Id.*

Although Plaintiffs do allege that Defendants converted items that are tangible, they also have alleged that Defendants converted Plaintiffs' "technology" to "their own use and benefit as the" Uber app. (Compl. ¶ 148.) When the Court construes the allegations in the light most favorable to Plaintiff, and resolves any doubts about Plaintiffs' allegations in favor of remand, the Court concludes that the facts in this case are more analogous to the facts in *Idema, Firoozye, and Worth* than to the facts in *Opperman*. As the court stated in *Worth,* "Plaintiffs fail to claim a 'physical deprivation' from not having" the designs, business plans, specifications, and sketches. 5 F. Supp. 2d at 832. Rather, they seek damages based on the Defendants' allegedly unauthorized reproduction of that technology in the Uber app. (*See* Compl. ¶¶ 108, 148, 154.) The Court's conclusion is reinforced by the fact that Plaintiffs have not asked the Defendants return any of the tangible property at issue to them. (*See* Complaint at 43:4-15, Prayer for Relief on Second Cause of Action.)

Accordingly, the Court concludes that Plaintiffs' claim for conversion is preempted by the Copyright Act. Plaintiffs have stated that if the Court reached that conclusion, they would stipulate to dismiss the claim and, in their reply brief, invited the Court to do so. Accordingly, the Court DISMISSES the conversion claim, with prejudice. (*See* Reply Br. at 4:6-12.).

6

### C. The Court Remands the Remaining Claims.

A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted).

When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded by statute, 28 U.S.C. § 1447(c); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (suggesting in dicta that "if federal claims are dismissed before trial, ... the state claims should be dismissed as well") (footnote omitted), superseded by statute, 28 U.S.C. § 1367.

The Court has dismissed the conversion claim, which provided the Court with jurisdiction. It would be equally convenient for the parties to try the remaining claims in state court, where Plaintiffs originally filed those claims. The Court has not expended any resources on this case, with the exception of resolving the motion to remand. *Cf. Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the Court concludes that the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case, and it declines to exercise jurisdiction over the remaining claims.

### CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' claim for conversion is preempted by the Copyright Act, and, thus, the Court has subject matter jurisdiction over this action. Accordingly, it DENIES Plaintiff's motion to remand on that basis. Based on Plaintiffs'

7

agreement to dismiss that claim, the Court DISMISSES, with prejudice, the claim for conversion, and it REMANDS the remaining claims to San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: July 29, 2015

JEFFREY S. WHITE
United States District Judge